IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE RTX CORPORATION (F/K/A RAYTHEON TECHNOLOGIES CORPORATION) DERIVATIVE LITIGATION | C.A. No. 20-1614-MN (Consolidated) |

**JOINT STIPULATION AND ORDER STAYING CASE**

WHEREAS, on February 3, 2021, this Court entered an order that, among other things: i) consolidated, pursuant to Federal Rule of Civil Procedure 42(a), for all purposes, including pre-trial proceedings and trial, three related shareholder derivative actions filed by plaintiffs Hon Yi Mo, Perry Flaugh, Melvyn Klein, and Hugues Gervat under Case No. 1:20-cv-1614-MN (the "Consolidated Action");[1] ii) appointed The Brown Law Firm, P.C., and The Rosen Law Firm, P.A.,[2] as Co-Lead Counsel for Plaintiffs; and appointed the law firms of Farnan LLP and O'Kelly & Ernst, LLC as Co-Liaison Counsel for Plaintiffs; and iii) applied the Stay Order dated December 17, 2020 to the Consolidated Action.

WHEREAS, on December 14, 2023, this Court issued an order that, among other things, i) further consolidated into the Consolidated Action the cases captioned *Ferran et al., v. Kennedy et al.*, Case No. 23-cv-1220-MN filed on October 26, 2023 (the "*Ferran* Action"); *McCollum v. Hayes et al.*, Case No. 23-cv-1422-MN filed on October 27, 2023 (the "*McCollum* Action"); and *Keritsis v. Hayes et al.*, Case No. 23-cv-1351-MN filed on November 27, 2023 (the "*Keritsis* Action"); ii) appointed The Brown Law Firm, P.C., Federman & Sherwood, and Gainey, McKenna

---

[1] The related shareholder derivative actions that were consolidated pursuant to the February 3, 2021 Order are as follows: *Mo v. Kennedy et al.*, Case No. 1:20-cv-1614-MN filed on November 25, 2020 (the "*Mo* Action"); *Flaugh et al. v. Kennedy et al.*, Case No. 1:21-cv-37-MN filed on January 14, 2021 (the "*Flaugh* Action"); and *Gervat v. Raytheon Technologies Corporation et al.*, Case No. 1:21-cv-57-MN filed on January 21, 2021 (the "*Gervat* Action").

[2] On September 14, 2023, The Rosen Law Firm filed a Notice Of Withdrawal and withdrew as Co-Lead Counsel for Plaintiffs Mo, Flaugh, Klein, and Gervat in the Consolidated Action.

& Eggleston as Co-Lead Counsel for Plaintiffs; and appointed the law firms of Farnan LLP and Bielli & Klauder, LLC as Co-Liaison Counsel for Plaintiffs; and iii) ordered that the complaint in the *Ferran* Action be docketed as the operative complaint in the Consolidated Action (the "Operative Complaint").

WHEREAS, on December 19, 2023, Plaintiff Ferran filed the Operative Complaint in the Consolidated Action. The Operative Complaint alleges, *inter alia*, that defendants Gregory J. Hayes, Neil Mitchill, Anthony F. O'Brien, Tracy A. Atkinson, Bernard A. Harris, Jr., George R. Oliver, Robert K. Ortberg, Margaret L. O'Sullivan, Dinesh C. Paliwal. Ellen M. Pawlikowski, Denise L. Ramos, Fredric G. Reynolds, Brian C. Rogers, James A. Winnefeld, Jr., and Robert O. Work (collectively, the "Individual Defendants") made, or caused RTX Corporation ("RTX" or the "Company," together with the Individual Defendants, "Defendants") to make, false and/or misleading statements and/or failed to disclose to the investing public that: (i) the PW1000G Geared Turbofan ("GTF") engines had been affected by a quality control issue from at least 2015–2020; (ii) this quality control issue would require RTX to recall and reinspect many of its GTF airplanes, affecting customers and harming its business; and (iii) the Company failed to maintain adequate internal controls. The Operative Complaint also alleges that the Individual Defendants caused or allowed the RTX to repurchase its own stock at artificially inflated prices, that certain of the Individual Defendants sold their RTX stock on material non-public information at artificially inflated prices, and obtained shareholder approval for compensation to officers and directors through a misleading proxy solicitation.

WHEREAS, the facts and circumstances alleged in the above-captioned action are based, in part, upon allegations in the complaints filed in *Peneycad v. RTX Corporation*, 3:23-cv-01035-JAM (D. Conn.), a putative federal securities class action pending in the United States District

Court for the District of Connecticut (with any cases with or into which such action shall be consolidated, the "Federal Securities Action");

WHEREAS, in the interests of judicial economy and efficiency, the parties have agreed that the above-captioned matter should be stayed pending the resolution of defendants' forthcoming motion to dismiss in the Federal Securities Action.

WHEREAS, by entering into this Stipulation, Defendants do not waive and expressly reserve all defenses and objections (other than those relating to service of process), including those relating to the merits, jurisdiction, and venue.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel and subject to the Court's approval:

1. The above-captioned Consolidated Action, including any obligation to respond to the Operative Complaint, and all discovery and disclosure obligations under the applicable local and federal rules, is hereby stayed until the resolution of the defendants' forthcoming motion to dismiss in the Federal Securities Action.

2. Upon application for good cause shown, a party may seek an earlier termination of the stay, subject to the other parties' right to contest such early termination, by (i) making a request to the Court, and (ii) transmitting notice to all counsel of record via e-mail at the e-mail addresses listed below.

3. Defendants shall promptly notify Plaintiffs if and when they become aware of any derivative lawsuits filed in any forum subsequent to the Consolidated Action that allege the same or similar misconduct as that alleged in the Operative Complaint.

4. Should a later-filed derivative action such as is described in paragraph 3, above, be filed, Defendants shall (i) agree to, or move for, a stay of such action, and (ii) never move to stay the Consolidated Action in deference to any such later-filed action.

5. Given that if such a later-filed derivative action such as is described in paragraph 3, above, is not stayed, it will be deemed good cause for seeking an earlier termination of the stay as set forth in paragraph 2, above, in that event Plaintiffs may lift the stay upon 14 days notice via email to Defendants and filing with the Court.

6. Within thirty (30) days after the stay in the above-captioned action is lifted for any reason, the parties shall meet and confer and submit a proposed schedule to the Court.

7. If any of the Defendants produce during the pendency of the stay, or if any of the Defendants produced before the stay went into effect, any documents to the plaintiffs in the Federal Securities Action, to any plaintiffs in any derivative actions alleging the same or similar misconduct as that alleged in the Operative Complaint, or to any purported shareholders who make a books and records demand related to the same or similar misconduct as that alleged in the Operative Complaint, the Defendants will promptly produce to Plaintiffs a copy of the same documents, subject to the parties entering into an appropriate confidentiality agreement and/or protective order.

8. Defendants shall endeavor in good faith to include Plaintiffs in any mediation and any formal settlement talks with the plaintiffs in the Federal Securities Action and Defendants shall promptly notice Plaintiffs upon scheduling of the same, but, in the event that lead plaintiffs in the Federal Securities Class Action object, Defendants shall mediate with Plaintiffs at or about the same time.

9.      Defendants shall include Plaintiff in any mediation and any formal settlement talks with any plaintiff in any other derivative lawsuit alleging the same or similar misconduct as that alleged in the Operative Complaint, and Defendants shall promptly notice Plaintiffs upon scheduling of the same.

10.     Plaintiffs may file a consolidated complaint during the stay, but in that event, Defendants need not respond to it during the pendency of the stay.

**IT IS SO STIPULATED.**

Dated:  March 15, 2024                                Respectfully submitted,

                                            **FARNAN LLP**

                                            */s/ Michael J. Farnan*
                                            Brian E. Farnan (Bar No. 4089)
                                            Michael J. Farnan (Bar No. 5165)
                                            919 N. Market Street, 12th Floor
                                            Wilmington, DE 19801
                                            Telephone: (302) 777-0300
                                            Facsimile: (302) 777-0301
                                            Email: bfarnan@farnanlaw.com
                                            Email: mfarnan@farnanlaw.com

                                            **BIELLI & KLAUDER, LLC**

                                            */s/ Ryan M. Ernst*
                                            Ryan M. Ernst, Esq. (Bar No. 4788)
                                            1204 N. King Street
                                            Wilmington, DE 19801
                                            Telephone: (302) 803-4600
                                            Email: rernst@bk-legal.com

                                            **THE BROWN LAW FIRM, P.C.**
                                            Timothy Brown

767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: wbf@federmanlaw.com

**GAINEY MCKENNA & EGLESTON**
Greg M. Egleston
Thomas J. McKenna
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: gegleston@gme-law.com
Email: tjmckenna@gme-law.com

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Samir Aougab
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: sa@rl-legal.com

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Attorneys for Plaintiffs*

**DLA PIPER LLP (US)**

  /s/ *John L. Reed*
John L. Reed (Bar No. 3023)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: john.reed@us.dlapiper.com

**WACHTELL, LIPTON, ROSEN & KATZ**
William Savitt
Graham W. Meli
51 West 52nd Street
New York, NY 10019
Telephone: (214) 403-1000
Email: GWMeli@wlrk.com

*Attorneys for Defendants*

\*   \*   \*

SO ORDERED this 20th day of March 2024.

_____
The Honorable Maryellen Noreika
United States District Judge

7